■ MARIA T. SANCIMINO, as Administratrix of the Estate of VINCENZO S. SANCIMINO, Deceased, et al., Plaintiffs, v BROOKLYN UNION GAS COMPANY, Defendant and Third-Party

Plaintiff-Appellant. CAFCO CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [611 NYS2d 289] —In an action to recover damages for wrongful death, etc., the defendant third-party plaintiff Brooklyn Union Gas Company appeals from a judgment of the Supreme Court, Kings County (Irving S. Aronin, J.), entered November 1, 1990, which, upon a jury verdict, *inter alia,* finding it at fault in the happening of the accident, and upon a stipulation as to damages, is in favor of the plaintiff and against it in the principal sum of $2,650,000.

Ordered that the judgment is affirmed, with costs.

The decedent, a construction worker, died as a result of injuries sustained in a natural gas explosion in a sewer manhole he was installing. His estate commenced this action against Brooklyn Union Gas Company (hereinafter Brooklyn Union) which commenced a third-party action against Cafco Construction Corporation (hereinafter Cafco), the decedent's employer. After trial, the jury returned a verdict finding that both Brooklyn Union and Cafco were negligent but that Cafco's negligence was not a proximate cause of the accident. Contrary to Brooklyn Union's contention on appeal, the jury's verdict was not against the weight of the evidence since there was at least one fair interpretation of the evidence to support it *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

The jury could have found that Cafco was negligent only in failing to ventilate and test the manhole for gas, and this failure was not a proximate cause of the accident. Alternatively, there was ample evidence to establish that, notwithstanding any improper backfilling by Cafco, it was Brooklyn Union's failure to properly maintain its service lines that caused the gas to leak into the manhole. Therefore, "a finding of proximate cause did not inevitably flow from the finding of culpable conduct" *(Schaefer v Guddemi,* 182 AD2d 808, 809; *see, Rubin v Pecoraro,* 141 AD2d 525).

To the extent they are preserved for appellate review, we find no merit to Brooklyn Union's contentions that the court's charge and the conduct of Cafco's counsel deprived it of a fair trial. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.