■ IDA GASTON, Appellant, v VICLO REALTY COMPANY et al., Respondents. [626 NYS2d 131] —Order, Supreme Court, New York County (Francis Affronti, J.), entered on or about March 23, 1994, which denied plaintiff's motion for judgment notwithstanding the verdict, or, in the alternative, a new trial, unanimously affirmed, without costs.

Plaintiff seeks to recover for personal injuries sustained when she fell on a ramp while exiting defendant's building, her theory being that the ramp was not constructed in accordance with sound engineering principles. The jury returned a verdict with interrogatories finding that defendant was negligent but that such negligence was not the proximate cause of plaintiff's injuries. Plaintiff claims that the verdict is both inconsistent and irreconcilable with a reasonable view of the evidence, and that proximate cause should have been found by the court as a matter of law. We disagree. Proximate cause is a matter generally to be resolved by the finder of fact (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312), and a finding thereof does not inevitably flow from a finding of culpable conduct (Schaefer v Guddemi, 182 AD2d 808, 809). A jury's verdict should not be set aside as inconsistent and against the weight of the evidence as long as there is at least one fair interpretation of the evidence to support it (supra; Sancimino v Brooklyn Union Gas Co., 204 AD2d 298, 299), the court's disagreement with the jury's findings or unhappiness with the harshness of the result being of no consequence (Brooks v

*Adams,* 204 AD2d 938). Here, in view of the fact that plaintiff had gone down the ramp on many prior occasions without falling, the jury could have fairly found that she fell on this occasion not because of any imperfections in the ramp but because she was inattentive. We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.