■ VINCENT PULIZZI, Individually and as Father and Natural Guardian of VINCENT PULIZZI, JR., Respondent, v HADY G. OGHIA, Appellant, et al., Defendants. [691 NYS2d 349] —In an action to recover damages for medical malpractice, the defendant Hady G. Oghia appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated April 13, 1998, as only conditionally granted his motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (*see, Herrera v City of New York*, 238 AD2d 475). Here, the Supreme Court did not improvidently exercise its discretion in only conditionally granting the appellant's motion pursuant to CPLR 3126. Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.

■ DAVEDA PURNELL et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [691 NYS2d 345] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated May 28, 1998, as denied its cross motion pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiffs and against it.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's cross motion is granted, and a new trial is granted, with costs to abide the event.

The trial court erred in charging res ipsa loquitur. The proof at trial established that the accident could have occurred in the absence of negligence (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Cacciolo v Port Auth.*, 186 AD2d 528). Since it cannot be determined whether the jury based its finding of liability on that erroneous theory, a new trial is necessary (*see, Fein v Board of Educ.*, 305 NY 611; *Ryan v City of New York*, 83 AD2d 574). Ritter, J. P., Altman, Krausman and Florio, JJ., concur.