KATHLEEN A. SMITH, Individually and as Administratrix of the Estate of JAMES L. SMITH, Deceased, Respondent-

Appellant, v LILLIAN V. NEY, M.D., P. C., Appellants-Respondents. [700 NYS2d 318] —Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Memorandum: Supreme Court abused its discretion in granting plaintiff's motion to set aside the jury verdict and grant a new trial in this medical malpractice action (*see, Gaston v Viclo Realty Co.*, 215 AD2d 174, *lv denied* 87 NY2d 804, *cert denied* 517 US 1169). The jury's finding that Robert G. Ney, M.D. was negligent but that his negligence was not a proximate cause of the accident is neither inconsistent nor contrary to the weight of the evidence. Plaintiff's decedent had been treated by Robert Ney for an asthma condition for approximately 20 years. Decedent's condition progressively worsened to the point where decedent was steroid dependent. On February 18, 1993, decedent collapsed and died while working at a farm in extremely cold weather. The evidence established that decedent's cause of death was acute asphyxiation resulting from an acute bronchial asthma attack.

Plaintiff's expert concluded that Robert Ney departed from good and accepted medical practice by failing, *inter alia*, to prescribe proper medications, to monitor the prescribed medications properly, and to counsel decedent on environmental dangers impacting on his asthma condition. Defendants' expert testified that Robert Ney prescribed appropriate medications in the proper dosage but that, even if different medications had been prescribed, decedent would have died from the severe asthma attack; in his opinion, Robert Ney's medical treatment did not contribute to decedent's death. Decedent's wife testified that she and decedent had discussed whether he should change occupations because of environmental dangers and that decedent was well aware that, because of his asthma, he needed to avoid exposure to cold temperatures and dust and animals whenever possible. Under the circumstances, whether the medical treatment provided by Robert Ney was a proximate cause of the injury and/or death of decedent presented a credibility issue for the jury to resolve. We cannot conclude that the evidence so preponderates in plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). We have considered the remaining contentions of the parties and conclude that they lack merit. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Set Aside Verdict.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.