■ EVER S. BENITEZ, Also Known as EBERT S. BENITEZ, Respondent, v DIANE OLSON et al., Defendants, and TOWN OF ISLIP, Appellant. (And a Third-Party Action.) [774 NYS2d 827]—

In an action to recover damages for personal injuries, the defendant Town of Islip appeals from an order of the Supreme

·Court, Suffolk County (Underwood, J.), dated June 6, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The infant plaintiff, Ever S. Benitez, also known as Ebert S. Benitez (hereinafter Ebert), was seriously injured while employed by the third-party defendant National Waste Disposal Corp. (hereinafter National Waste), an independent contractor hired by the defendant Town of Islip to perform residential garbage collection. At the time of the accident, Ebert was riding on the back of one of National Waste's trucks as a "step man," when he was struck by a car driven by the defendant Diane Olson. Olson's vehicle was then struck in the rear by a vehicle driven by the defendant David A. Thompson. Although the four-way flashers on the garbage truck were operational earlier in the day, they stopped functioning 15 minutes before the accident.

The plaintiff commenced this action, alleging, inter alia, that the Town exercised supervision and control over the manner in which National Waste performed its work. The Town subsequently moved for summary judgment dismissing the complaint, contending that it did not supervise the conduct of National Waste and that it only inspected National Waste's trucks to check that no outside garbage was being brought into the Town. It further argued that it had no authority or obligation under the garbage collection contract to inspect or control the maintenance of National Waste's garbage trucks. Moreover, the Town argued that the deposition testimony of Olson and Thompson established that the accident happened because their view of the road was impeded by sun glare, and not because of any alleged negligence on its part. In opposition, the plaintiff argued, inter alia, that pursuant to the garbage collection contract, the Town reserved the right to control and supervise National Waste, and failed to do so here, which failure was a cause of the accident. The Supreme Court denied the motion for summary judgment. We reverse.

The Town established its prima facie entitlement to judgment a matter of law by submitting police accident reports, as well as the deposition testimony of Olson and Thompson, which demonstrated that the proximate cause of the accident was sun glare, and not the allegedly defective four-way flashers on the garbage truck (*see Alvarez v Prospect Hosp.*, 68 NY2d 320

[1986]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*).

Accordingly, the Supreme Court should have granted the Town's motion for summary judgment.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.