KIMBERLEY SULLIVAN, Appellant, v ERCAN MURAT GOKSAN et al., Respondents, et al., Defendant. [854 NYS2d 305]—

The jury's verdict in favor of respondents was based upon a fair interpretation of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]), in this action where plaintiff, a passenger in a vehicle driven by defendant Lazarus, was injured when a van, owned by respondent Airborne and driven by respondent Goskan, collided into the rear of Lazarus's vehicle, which was stopped at a red light. Respondents maintained that the collision occurred as a result of the unexpected presence of an oily condition on the street, and Goskan testified as to the nonnegligent operation of his vehicle, including the rate of speed at braking, the distance he maintained from plaintiff's vehicle, the lighting conditions that evening, and the presence of the subject oily puddle. Such testimony was corroborated by respondents' engineering and accident reconstruction expert, as well as the police officer who responded to the accident. The evidence of Goskan's negligence came from plaintiff's engineering and accident reconstruction expert, whose opinion contradicted Goskan's testimony, and the jury's decision to credit the testimony of Goskan and the defense

expert over that of plaintiff's expert is entitled to deference (*see Chepel v Meyers*, 306 AD2d 235 [2003]).

Based on the foregoing, plaintiff's argument that the trial court improperly denied her motion for a directed verdict on the issue of liability fails, and in any event, the motion was premature as it was made prior to the presentation of respondents' case (*see* CPLR 4401; *Cass v Broome County Coop. Ins. Co.*, 94 AD2d 822 [1983]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.