JILL M. TOUT et al., Appellants, v MICHAEL J. ZSIROS et al., Respondents. [852 NYS2d 864]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jill M. Tout (plaintiff) when the vehicle she was driving struck a vehicle driven by defendant Michael J. Zsiros and owned by defendant Central Originating Lease Trust. Supreme Court properly denied plaintiffs' motion pursuant to CPLR 4404 (a) seeking to set aside the jury verdict in favor of defendants as against the weight of the evidence. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731 [1997]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Garrison v Geyer*, 19 AD3d 1136 [2005]). Plaintiffs concede that, based on the conflicting medical evidence concerning plaintiff's neck and

back injuries, the jury's verdict finding that plaintiff's injuries were not caused by the accident was based on a fair interpretation of the evidence (*see Cummings v Jiayan Gu*, 42 AD3d 920, 922-923 [2007]; *Wilson v Hallen Constr. Corp.*, 40 AD3d 986, 987-988 [2007]; *Fallon v Esposito*, 35 AD3d 1067, 1068-1069 [2006]). They contend, however, that a new trial is required because that part of the verdict may have been based upon an erroneous "low impact" theory premised upon photographs depicting little or no damage to the parties' vehicles, which were admitted in evidence over plaintiffs' objection. We reject that contention, inasmuch as the court did not charge that alternative theory of causation (*cf. Fein v Board of Educ. of City of N.Y.*, 305 NY 611, 612 [1953]; *Purnell v New York City Hous. Auth.*, 262 AD2d 545 [1999]).

Finally, we reject plaintiffs' contention that the court erred in admitting the photographs of the parties' vehicles in evidence. Photographs showing no damage to a plaintiff's vehicle are admissible to impeach a plaintiff's credibility on the issue whether the accident caused the alleged injuries (*see Torres v Esaian*, 5 AD3d 670, 671 [2004]; *see also Anderson v Dainack*, 39 AD3d 1065, 1066 [2007]). Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.