■ ALEXANDER LIFSON, as Executor of IRENE LIFSON, Deceased, Appellant-Respondent, v CITY OF SYRACUSE, Respondent-Appellant, and DEREK J. KLINK, Respondent. (Appeal No. 1.) [898 NYS2d 925]—Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered November 26, 2008. The order denied the motions of plaintiff and defendant City of Syracuse to set aside the verdict and for a new trial.

Appeal and cross appeal from a judgment of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered November 10, 2008. The judgment, inter alia, apportioned liability between defendant City of Syracuse and decedent upon a jury verdict.

It is hereby ordered that the judgment so appealed from is affirmed without costs.

Memorandum: Plaintiff, as executor of decedent's estate, commenced this action alleging that decedent was killed when a vehicle driven by defendant Derek J. Klink struck her while she was crossing the street. According to plaintiff, defendant City of Syracuse (City) was negligent in failing, inter alia, to provide for pedestrian safety at the intersection where the accident occurred. Supreme Court previously denied the motion of the City for summary judgment dismissing the complaint against it and, on a prior appeal, we modified the order by granting the motion insofar as the complaint alleged that the City "was negligent in its design of the intersection" (*Lifson v City of Syracuse*, 41 AD3d 1292, 1293 [2007]). We concluded, however, that "the court properly denied [the City's] motion insofar as the complaint may be construed to allege the violation of" the continuing duty of the City to review its traffic plan for the intersection in light of the actual operation of that plan (*id.* at 1294; *see Friedman v State of New York*, 67 NY2d 271, 284 [1986]), and the ensuing jury trial on the issue of the City's liability was limited to that issue. The jury found that Klink was not negligent, that the City was 15% at fault, and that decedent was 85% at fault. The court denied the motions of plaintiff and the City to set aside the verdict and for a new trial pursuant to CPLR 4404 (a). Plaintiff appeals and the City cross-appeals from the judgment that, inter alia, dismissed the action against Klink and apportioned liability between the City and decedent.

We reject the contention of plaintiff on his appeal that the court erred in denying that part of his motion to set aside the verdict with respect to Klink as against the weight of the evidence. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731 [1997]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Tout v Zsiros*, 49 AD3d 1296 [2008], *lv denied* 10 NY3d 713 [2008]). Here, the evidence, including Klink's trial testimony, established that Klink did not observe decedent when Klink began to turn

at the intersection because decedent was not in the unmarked crosswalk and that he did not see her thereafter because he was suddenly and unexpectedly blinded by sun glare. The jury was entitled to credit that evidence in favor of Klink, and thus it cannot be said that the verdict with respect to Klink could not have been reached on any fair interpretation of the evidence (*see generally Sullivan v Goksan*, 49 AD3d 344 [2008]; *Ellis v Borzilleri*, 41 AD3d 1170, 1171 [2007]; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 207 [2004]). Furthermore, we reject plaintiff's contention that sun glare does not constitute a defense to negligence as a matter of law (*see e.g. Benitez v Olson*, 6 AD3d 560, 561-562 [2004], *lv dismissed in part and denied in part* 3 NY3d 753 [2004]). Also contrary to the contention of plaintiff, the court properly denied that part of his motion to set aside the verdict finding that decedent was 85% at fault as against the weight of the evidence. There is a fair interpretation of the evidence supporting a finding that decedent was outside of the unmarked crosswalk, requiring her to yield the right-of-way in accordance with Vehicle and Traffic Law § 1152 (a).

We reject plaintiff's contention that the court erred in giving an emergency instruction with respect to the assertion of Klink that he failed to observe decedent because he was blinded by sun glare. An emergency instruction is appropriate when the court determines that there is a reasonable view of the evidence supporting the occurrence of "a sudden and unforeseen emergency not of the actor's own making . . . [that] 'leaves little or no time for thought, deliberation or consideration' " (*Caristo v Sanzone*, 96 NY2d 172, 175 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]). Here, there is a reasonable view of the evidence establishing that the sun glare was a sudden and unforeseen circumstance justifying the emergency instruction. The fact that the court deviated from PJI 2:14 to take into account the language of *Caristo* in the instruction did not render it erroneous. We reject plaintiff's further contention that the court's instruction defining the location of the unmarked crosswalk was also erroneous. That instruction was properly based on the definition of an unmarked crosswalk set forth in Vehicle and Traffic Law § 110 (a) and the definition of a sidewalk set forth in section 144, as well as the application of section 110 to a "T" intersection (*see Fan v Buzzitta*, 42 AD2d 40, 41-43 [1973]; *see generally Vanbenschoten v Pitarys*, 284 AD2d 912 [2001]).

Contrary to the contention of the City on its cross appeal, the court properly admitted in evidence documents pertaining to its initial traffic plan for the intersection. Those documents were

admitted for the limited purpose of providing a starting point for the ongoing duty of the City to review its traffic plan in light of the actual operation of the plan (*see generally Lifson*, 41 AD3d at 1293-1294). We reject the further contention of the City that the court erred in failing to instruct the jury that it had qualified immunity with respect to the original traffic plan. Although the court did not use the words "qualified immunity," it properly advised the jury of the limited issue before it. The City failed to preserve for our review its contention that the court erred in failing to instruct the jury that the City had a continuing duty to monitor the traffic situation at the intersection only when it was made aware of a dangerous traffic condition. In any event, we note that there was in fact a citizen complaint concerning the traffic situation at that intersection made in 1993. Finally, we reject the City's further contention that the verdict was inconsistent to the extent that the jury found that Klink was not negligent and that the City was 15% at fault (*see generally Gaston v Viclo Realty Co.*, 215 AD2d 174 [1995], *lv denied* 87 NY2d 804 [1995], *cert denied* 517 US 1169 [1996]).

All concur except Peradotto, J., who dissents and votes to reverse in accordance with the following memorandum.

Peradotto, J. (dissenting). I respectfully dissent and would reverse because I agree with plaintiff on his appeal that Supreme Court erred in giving an emergency instruction with respect to the assertion of Derek J. Klink (defendant) that he failed to observe decedent because he was blinded by sun glare.

At approximately 4:00 P.M. on February 29, 2000, defendant was driving north on Harrison Place in defendant City of Syracuse (City). Defendant stopped at a stop sign at the intersection of Harrison Place and Harrison Street. Defendant looked to the left and to the right and then proceeded to make a left turn onto Harrison Street. According to defendant, he was in the process of making the left turn when his vision was momentarily obstructed by sun glare. Defendant took his eyes off the road and, when he looked back up again, he observed decedent approximately one foot in front of his vehicle. Defendant "slammed" on the brakes but was unable to avoid hitting decedent, who subsequently died as a result of her injuries.

Plaintiff, as executor of decedent's estate, commenced this action alleging, inter alia, that defendant was negligent in failing to avoid the collision. Following a trial, the jury found that Klink was not negligent, that the City was 15% at fault, and that decedent was 85% at fault.

Under the circumstances of this case, I conclude that the

court erred in giving an emergency instruction. In determining whether a party is entitled to such an instruction, a court is required "to make the threshold determination that there is some reasonable view of the evidence supporting the occurrence of a 'qualifying emergency' " (*Caristo v Sanzone*, 96 NY2d 172, 175 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]). The emergency instruction is appropriate "where the evidence supports a finding that the party requesting the charge was confronted by 'a sudden and unexpected circumstance [that] leaves little or no time for thought, deliberation or consideration' " (*id.* at 175, quoting *Rivera*, 77 NY2d at 327). However, "[a]n emergency instruction is not proper where the situation is neither sudden nor unexpected or could have been reasonably anticipated in light of the surrounding circumstances" (*Smith v Perfectaire Co.*, 270 AD2d 410 [2000]; *see Muye v Liben*, 282 AD2d 661, 662 [2001]).

Here, there was no evidence presented at trial upon which a jury could reasonably have found that defendant was faced with an emergency situation. Specifically, defendant failed to establish that the sun glare that momentarily obstructed his vision was unexpected. Defendant never testified at trial that he was unaware that the sun was out or that he did not expect to be driving into the sun when he turned left to travel west on Harrison Street. To the contrary, defendant testified that he had previously looked to the left, i.e., to the west, and that he was familiar with the intersection in question. Notably, the accident occurred in late February at around 4:00 P.M. In my view, the glare of the sun in the late afternoon is not an emergency situation. Rather, it is a condition that should be anticipated as a routine occurrence at certain times of the day and in particular weather conditions.

This case is not unlike *Caristo* in which the Court of Appeals held that there was no qualifying emergency to justify an emergency instruction (96 NY2d at 175). The Court reasoned that, given the driver's "admitted knowledge of the worsening weather conditions, the presence of ice on the hill [could not] be deemed a sudden and unexpected emergency," despite the fact that the driver had not encountered ice on the roadways before losing control of his vehicle (*id.*). In my view, knowledge of weather conditions is akin to knowledge of lighting and/or sun conditions. It is well settled that a driver is required to be aware of dangers existing from weather, traffic and other conditions, including lighting conditions (*see Avila v Mellen*, 131 AD2d 408 [1987]; *see generally* PJI 2:77). The defendant in *Avila* was driv-

ing eastbound and claimed that "he was temporarily blinded by the headlights of the westbound cars and thus . . . did not see [the plaintiff pedestrian] . . . until he was 10 feet or less away from her," and the Second Department held that he was not entitled to an emergency instruction (*id.* at 409).

In this case, defendant should have anticipated the possibility that he might encounter glare from the sun when he began to turn his vehicle to travel west into the setting sun. Because the condition defendant faced was not unexpected in light of the sunny weather and the time of day, defendant was not entitled to the benefit of an emergency instruction (*see Caristo*, 96 NY2d at 175; *Smith*, 270 AD2d 410 [2000]). I therefore would reverse the judgment, grant plaintiff's post-trial motion, set aside the verdict, reinstate the amended complaint against defendant and grant a new trial on liability. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.