# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**44**

**CA 10-01207**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

LAURIE LONG, AS ADMINISTRATRIX OF THE
ESTATE OF JEREMY HENDERSON, DECEASED,
PLAINTIFF-APPELLANT,

V                                               MEMORANDUM AND ORDER

NIAGARA FRONTIER TRANSPORTATION AUTHORITY,
NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.,
AND DARON T. CODY, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (KRISTIN A. TISCI OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

DAVID M. GREGORY, BUFFALO (VICKY-MARIE J. BRUNETTE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (Paula M. Feroleto, J.), entered April 13, 2010 in a wrongful death action. The judgment granted defendants a judgment of no cause of action upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of her adult son (decedent), contends that Supreme Court erred in denying her motion to set aside the jury verdict of no cause of action as against the weight of the evidence. We affirm. Decedent was killed when he was struck by a bus while attempting to cross the street. The bus was owned by defendant Niagara Frontier Transportation Authority (NFTA), and operated by defendant DaRon T. Cody, who was employed by NFTA. In support of her motion to set aside the verdict finding that defendants were not negligent, plaintiff contended that the evidence at trial clearly established that Cody was speeding, in violation of Vehicle and Traffic Law § 1180, and that he failed to sound his horn in a timely manner, in violation of Vehicle and Traffic Law § 1146. Although plaintiff is correct that an unexcused violation of the Vehicle and Traffic Law, if proven, constitutes negligence per se (*see Stalikas v United Materials*, 306 AD2d 810, 811, *affd* 100 NY2d 626), we cannot agree with plaintiff that the evidence, when viewed in the light most favorable to defendants (*see Greene v Frontier Cent. School Dist.*, 214 AD2d 947, 948), establishes that Cody violated the Vehicle and Traffic Law.

     With respect to the alleged violation of section 1180, plaintiff presented no evidence that the bus driver was speeding.  Indeed, the only witness to testify regarding the speed of the bus was a certified accident reconstructionist who testified for defendants on direct examination that the bus was traveling at approximately 27 miles per hour when it struck decedent.  The parties agree that the speed limit on the street in question was 30 miles per hour.  The speed estimate of defendants' expert was based, inter alia, on a time and distance calculation derived from videotapes taken from cameras that were on the bus.  The estimate of the expert concerning the length of time, i.e., 1.5 seconds, in which decedent was in the street before being hit by the bus is supported not only by the videos, which were played for the jury, but also by the average pedestrian walking speed, as explained by the expert at trial.  We note that plaintiff is correct that defendants' expert testified on cross-examination that, based upon the location of the bus as depicted on the accident survey prepared by a land surveyor retained by plaintiff, the bus must have been traveling at approximately 40 miles per hour when it struck decedent.  We conclude, however, that such testimony created an issue of fact for the jury to resolve and did not render the expert's testimony on direct examination incredible as a matter of law.  In light of the expert's conflicting testimony regarding the speed of the bus, it cannot be said that the evidence so preponderated in favor of plaintiff that the jury's verdict " 'could not have been reached on any fair interpretation of the evidence' " (*Lifson v City of Syracuse* [appeal No. 2], 72 AD3d 1523, 1524).

     We similarly reject plaintiff's contention with respect to Cody's alleged violation of Vehicle and Traffic Law § 1146, which provides in relevant part that "every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian, or domestic animal upon any roadway and shall give warning by sounding the horn when necessary" (§ 1146 [a]).  Cody admittedly did not sound the horn on the bus until he saw decedent at or about the time of impact.  As noted, however, defendants' expert testified that decedent was in the street for only 1.5 seconds before impact.  Considering the totality of the circumstances, including the fact that decedent was not in a crosswalk and did not have the right-of-way, as well as the fact that Cody testified that he had his eyes on the road and the oncoming traffic, we conclude the jury's determination that Cody was not negligent is supported by a fair interpretation of the evidence (*see Lifson*, 72 AD3d at 1524).

     Finally, we reject plaintiff's contention that the court erred in giving an emergency instruction, as requested by defendants.  "A party requesting the emergency instruction is entitled to have the jury so charged if some evidence of a qualifying emergency is presented.  If, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury, which should be appropriately instructed" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990).  Here, there is a reasonable view of the evidence that Cody was presented with an emergency situation, inasmuch as decedent suddenly walked into

the street, without looking for oncoming traffic.  Additionally, the issues whether Cody was negligent in allegedly speeding or in failing to sound the horn of the bus in a timely manner were for the jury to resolve, and they did not preclude the court's emergency instruction (*see id.* at 328; *Feaster v New York City Tr. Auth.*, 172 AD2d 284, 284-285).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court