Girard v Town of Orangetown (2021 NY Slip Op 04011)





Girard v Town of Orangetown


2021 NY Slip Op 04011


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
CHERYL E. CHAMBERS
BETSY BARROS, JJ.


2018-13364
 (Index No. 33293/16)

[*1]Patricia Girard, appellant, 
v
Town of Orangetown, etc., et al., respondents.


Uriel E. Gribetz, White Plains, NY, for appellant.
Robert V. Magrino, Town Attorney, Orangeburg, NY (Richard S. Pakola of counsel), for respondents Town of Orangetown, Orangetown Highway Department, and Orangetown Highway Superintendent's Office.
Saretsky Katz & Dranoff, LLP, New York, NY (Robert B. Weissman of counsel), for respondents County of Rockland and County of Rockland Highway Department.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated October 31, 2018. The order granted the motion of the defendants Town of Orangetown, Orangetown Highway Department, and Orangetown Highway Superintendent's Office for summary judgment dismissing the complaint insofar as asserted against them, and granted the separate motion of the defendants County of Rockland and County of Rockland Highway Department for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On the afternoon of January 5, 2016, the plaintiff was in a crosswalk traversing North Middletown Road in Pearl River when she was struck by a vehicle driven by nonparty Angelica Gynegrowski. Gynegrowski, who had been traveling west on Holt Drive, was in the process of turning left onto North Middletown Road when she struck the plaintiff.
The plaintiff subsequently commenced this action against the defendants Town of Orangetown, Orangetown Highway Department, and Orangetown Highway Superintendent's Office (hereinafter collectively the Town) and the defendants County of Rockland and County of Rockland Highway Department (hereinafter together the County), alleging that the Town and the County were negligent in failing to implement traffic safety improvements to ensure that pedestrians could safely cross North Middletown Road.
After the completion of discovery, the Town and the County separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, contending, among other things, that any negligence on their part was not a proximate cause of the accident. The Supreme Court granted both motions. The plaintiff appeals.
To sustain the burden of proving a prima facie case of proximate cause, the plaintiff in a negligence action must generally show that the defendants' negligence was a substantial cause of the events which produced the injury (see McGowan-Amandola v Federal Realty Inv. Trust, 191 AD3d 868). Although the issue of proximate cause is generally one for the finder of fact, it may be decided as a matter of law where only one conclusion may be drawn from the facts (see Faust v Gerde, 150 AD3d 1204, 1205; Nesbitt v Gallant, 149 AD3d 763, 764; Castillo v Amjack Leasing Corp., 84 AD3d 1298).
Here, the Town and the County each established its prima facie entitlement to judgment as a matter of law by demonstrating that Gynegrowski failed to see the plaintiff in the crosswalk because she was temporarily blinded by sun glare as she made the left turn onto North Middletown Road (see Benitez v Olson, 6 AD3d 560, 561; Agramonte v City of New York, 288 AD2d 75, 76; Morales v Lia, 238 AD2d 786, 786-788). In opposition, the plaintiff failed to raise a triable issue of fact. Among other things, the affidavit of the plaintiff's expert witness failed to address Gynegrowski's undisputed testimony that she was blinded by sun glare, and failed to explain how safety improvements at the subject intersection would have prevented this accident. Accordingly, the Supreme Court properly granted the separate motions of the Town and the County for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., DILLON, CHAMBERS and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court