OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and judgment absolute ordered against appellant on the stipulation.
In this personal injury action, plaintiff was a passenger on a bus owned by defendant and driven by defendant’s employee. At trial, plaintiff testified that he was thrown across the aisle and hit his head against a metal pole when the moving bus came to an abrupt halt. According to the driver, he was leaving a designated bus stop when a car suddenly appeared on his left and turned right in front of the moving bus. The driver testified that he immediately applied his brakes to avoid hitting the car but was unable to avoid collision.
The jury found defendant liable for plaintiff’s injuries and awarded damages in his favor. Defendant subsequently moved to set aside the verdict pursuant to CPLR 4404 (a), arguing that it was error for the trial court to refuse its instructions on the emergency doctrine. The court denied the motion, concluding that the driver’s familiarity with the intersection and knowledge that cars frequently turned right from the left lane in front of buses in this area rendered the charge inappropriate. The Appellate Division reversed, vacated the judgment and ordered a new trial.
Viewing the evidence in the light most favorably toward giving the requested emergency doctrine instruction to the jury (see, Rivera v New York City Tr. Auth., 77 NY2d 322, 326), we agree with the Appellate Division that it was error to deny defendant’s request. Where some reasonable view of the evidence establishes that an actor was confronted by a sudden and unforeseen occurrence not of the actor’s own making, then the reasonableness of the conduct in the face of the emergency is for the jury (id., at 327). Here, the bus driver’s testimony indicated that the car on his left suddenly and unexpectedly pulled in front of the moving bus. That a driver was aware that cars often made right turns in front of buses would not preclude a jury from deciding that, as to the events in issue in this case, the driver did not anticipate being suddenly cut off by this particular car.
In that we agree with the Appellate Division that the trial court’s erroneous refusal of the requested emergency doctrine *925 instruction warranted a new trial, plaintiffs remaining claims become academic.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order affirmed, etc.