OPINION OF THE COURT
Graffeo, J.
The issue in this motor vehicle accident negligence case is whether the trial court erred in charging the jury on the emergency doctrine. Under the facts presented, we conclude that defendants were not entitled to this instruction.
At approximately 9:00 a.m. on the morning of the accident, defendant Augustine Sanzone was driving a vehicle owned by his wife, defendant Patricia Cinquemani, on Foster Road in Staten Island. At the same time, plaintiff Antoinette Caristo was operating her automobile on Woodrow Road. Foster Road terminated at a “T” intersection with Woodrow Road, and a stop sign controlled the flow of traffic from Foster Road onto Woodrow Road.
At trial, Sanzone testified that the weather conditions at 7:00 a.m. that day consisted of snow, rain and freezing rain. This mixed precipitation was unchanged when he and his family left their home at approximately 8:30 a.m. By the time he drove to Foster Road, the weather had worsened. He described the conditions as “more like frozen rain and hail at the time.” The temperature that morning was established, by stipulation of the parties, at 22 degrees Fahrenheit.
After cresting an incline on Foster Road, Sanzone proceeded downhill toward the Woodrow Road intersection, traveling at 20 to 25 miles per hour. At this juncture, his vehicle began to *174 slide and he noticed there was “a sheet of ice” on the hill. Despite Sanzone’s effort to pump the brakes, the vehicle slid 175 to 200 feet, past the stop sign and into Woodrow Road. As plaintiff approached the intersection at 15 to 20 miles per hour and saw defendants’ vehicle, she attempted to swerve to avoid a collision, but was unsuccessful. Both Cinquemani and the police officer who responded to the scene of the accident confirmed the icy conditions on Foster Road. Neither plaintiff nor San-zone experienced difficulty controlling their vehicles prior to this incident.
Over plaintiff’s objection, the trial court charged the jury on the emergency doctrine. The jury returned a verdict in favor of defendants and the trial court entered a judgment dismissing plaintiff’s complaint. The Appellate Division affirmed the judgment, with two Justices dissenting (274 AD2d 406). Plaintiff now appeals as a matter of right.
More than a century ago, this Court first considered the reasonableness of an actor’s conduct when confronted with a sudden emergency situation (see, Wynn v Central Park, N. & E. Riv. R. R. Co., 133 NY 575). Since then, we have articulated and applied the common-law emergency doctrine which “recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context” (Rivera v New York City Tr. Auth., 77 NY2d 322, 327), provided the actor has not created the emergency.
The rationale for this doctrine — the need to instruct a jury that it may consider the reasonableness of a party’s conduct in light of the unexpected emergency confronting that person— has been somewhat eroded by the evolution from contributory negligence to comparative negligence. With the advent of the ability of juries to allocate fault and apportion damages, the viability of the doctrine has been questioned by some jurisdictions, with a few states going so far as to abolish it (see generally, Annotation, Modern Status Of Sudden Emergency Doctrine, 10 ALR5th 680).
In New York, in addition to the elements of the charge, we have defined the role of the Trial Judge in assessing the propriety of an emergency charge request. We require the *175 Judge to make the threshold determination that there is some reasonable view of the evidence supporting the occurrence of a “qualifying emergency” (Rivera v New York City Tr. Auth., supra, 77 NY2d, at 327). Only then is a jury instructed to consider whether a defendant was faced with a sudden and unforeseen emergency not of the actor’s own making and, if so, whether defendant’s response to the situation was that of a reasonably prudent person (see, PJI 2:14 [3d ed]). The emergency instruction is, therefore, properly charged where the evidence supports a finding that the party requesting the charge was confronted by “a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration” (Rivera v New York City Tr. Auth., supra, 77 NY2d, at 327; Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d 923, 924; see also, Restatement [Second] of Torts § 296).
Here, even considering the evidence in a light most favorable to defendant (see, Kuci v Manhattan & Bronx Surface Tr. Operating Auth., supra, 88 NY2d, at 924), we hold as a matter of law that there was no qualifying event which justified issuance of the emergency instruction. Given Sanzone’s admitted knowledge of the worsening weather conditions, the presence of ice on the hill cannot be deemed a sudden and unexpected emergency. Although Sanzone did not encounter patches of ice on the roadways before losing control of his vehicle, at the time of the accident the temperature was well below freezing and it had been snowing, raining and hailing for at least two hours. As such, there was no reasonable view of the evidence that would lead to the conclusion that the ice and slippery road conditions on the Foster Road slope were sudden and unforeseen. Defendants were not, therefore, entitled to an emergency instruction and the charge to the jury constituted reversible error under these circumstances.
The dissent contrasts our. holding here with Ferrer v Harris (55 NY2d 285), where we concluded defendant was entitled to an emergency doctrine charge. Ferrer is clearly distinguishable in that defendant was confronted by an unanticipated event when a four-year old child ran in front of his vehicle from between two parked cars. The qualifying emergency — a child darting from a sidewalk into street traffic — is simply not analogous to the presence of ice and slippery conditions following at least two hours of inclement weather with temperatures well below freezing.
*176 Accordingly, the order of the Appellate Division should be reversed, with costs, and a new trial ordered.