■ EILEEN STATHIS, Individually and as Mother and Natural Guardian of DANIELLE STATHIS, an Infant, Appellant, v MERCY MEDICAL CENTER, Sued Herein as MERCY HOSPITAL, Appellant, and VIRGINIA GARRISON, Sued Herein as "NURSE" GARRISON, Respondent. [732 NYS2d 31] —In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 17, 2000, as granted that branch of the motion of the defendant Virginia Garrison, s/h/a "Nurse" Garrison, which was for summary judgment dismissing the complaint insofar as asserted against her, and the defendant Mercy Medical Center, s/h/a Mercy Hospital, separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant Virginia Garrison, s/h/a "Nurse" Garrison, which was for summary judgment dismissing its cross claims against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint

and cross claims are reinstated insofar as asserted against the respondent.

The plaintiff, Eileen Stathis, gave birth to Danielle Stathis (hereinafter the infant) at the defendant Mercy Medical Center, s/h/a Mercy Hospital (hereinafter Mercy). Several hours after the infant's birth, the defendant Virginia Garrison, s/h/a "Nurse" Garrison, placed the infant in a Lucite bassinet on a cart to transport the infant to the nursery. As Garrison pushed the cart, its right front wheel detached, causing the cart to tilt. Garrison attempted to stabilize the cart while she called out for help. When no one responded, she decided to "lower" the bassinet and the cart to the floor by turning the unit on its side. As she did so, the infant allegedly fell to the floor and sustained, *inter alia*, a skull fracture and an epidural hematoma.

The Supreme Court granted Garrison's motion for summary judgment dismissing the complaint and the cross claims insofar as asserted against her based on the emergency doctrine. We reverse.

When a person is confronted by a sudden, unexpected event not of his or her making, and that event " 'leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Caristo v Sanzone,* 96 NY2d 172, 174, quoting *Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327). The Supreme Court erred in concluding, as a matter of law, that the emergency doctrine was applicable. There are issues of fact as to whether Garrison was faced with an emergency and, if so, whether she acted reasonably under the circumstances (*see, Streicker v Adir Rent A Car,* 279 AD2d 385; *Sacco v Phillippsen,* 272 AD2d 889; *Finnegan v Martinez,* 258 AD2d 557). Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.