■ Aaron R. Ryder, an Infant, by Fawn C. Bronson, His Parent, et al., Appellants, v County of Fulton, Defendant, and Todd R. Frasier et al., Respondents. [755 NYS2d 341] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Best, J.), entered April 24, 2001 in Fulton County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered April 12, 2001 in Fulton County, which denied plaintiffs' motion to set aside the verdict.

The current appeals arise from an accident between a motor vehicle and a 14-year-old bicyclist that occurred during the afternoon of July 5, 1996 on Fulton County Highway 107 in the Town of Perth, Fulton County. Plaintiff Aaron Ryder (hereinafter plaintiff) and another bicyclist were riding east on the roadway when defendant Todd R. Frasier (hereinafter defendant) approached them from the rear as he traveled east in a pickup truck owned by defendant Tanya Beth Frasier. Defendant testified that he observed the boys riding on the shoulder of the road at a distance of approximately 350 to 400 yards, he noticed the boys weave slightly as they rode, he slowed the vehicle down from a speed of 35 to 40 miles per hour and moved toward the center of the road. He further testified that, as he was passing the riders, plaintiff turned his bicycle into the path of the truck. Defendant stated that he applied the brakes and attempted to turn the vehicle to the left, but the front of the truck struck plaintiff.

Plaintiff and his mother commenced this action against defendant, the owner of the vehicle and defendant County of Fulton. Following a bifurcated trial, the jury returned a verdict finding that neither the County nor defendant had been negligent. Plaintiffs' motion to set aside the verdict as against the weight of the evidence was denied and this appeal ensued.

Plaintiffs initially assert that Supreme Court erred in instructing the jury that it could consider the emergency doctrine. The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]). "A party is entitled to a charge on the emergency doctrine when, viewing the evidence in the light most favorable to that party, there is a reasonable view of the evidence that the party's conduct was the product of a sudden and unforeseeable occurrence not of the party's own making" (*Holtermann v Cochetti*, 295 AD2d 680, 681 [2002] [citation omitted]). Here, there was evidence presented at trial, including defendant's testimony and statements made at the scene of the accident by plaintiff and his companion, indicating that plaintiff turned his bicycle suddenly to the left into the path of the truck immediately prior to the accident. Although defendant was aware

of the presence of the bikers on the roadway as he approached them, evidence of the sudden and unexpected turning of a bicycle in front of his vehicle provided a sufficient basis for an emergency doctrine charge (*see Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924 [1996]).

We are unpersuaded by plaintiffs' further argument that defendant was negligent as a matter of law because he did not sound a warning with his horn as he approached the bicyclists. Plaintiffs premise their argument upon Vehicle and Traffic Law § 1146, which provides in relevant part that "[n]otwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian or domestic animal upon any roadway and shall give warning by sounding the horn when necessary." It is readily apparent from the statutory language, which concludes with the qualifying language "when necessary," that not every driver who comes upon a bicyclist must sound a horn. Whether it is negligent to fail to employ a warning via a horn must be considered in light of the relevant circumstances (*see Hogeboom v Protts*, 30 AD2d 618, 619 [1968]; *cf. Bachman v Cook*, 281 AD2d 938 [2001]; *Matter of Kernaghan v Fisher*, 50 AD2d 695, 696 [1975]). Defendant's decision not to use the horn did not constitute negligence as a matter of law, and the jury's determination that defendant was not negligent is supported by a fair interpretation of the evidence when viewed in the light most favorable to defendant (*see Zeigler v Wolfert's Roost Country Club*, 291 AD2d 609, 610 [2002]; *Veeder v Community Health Plan*, 281 AD2d 756, 757 [2001]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment and order are affirmed, with costs.