■ GALINA TSEYTLINA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [784 NYS2d 394]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 4, 2004, as denied her cross motion for summary judgment on the issue of the liability, and (2) an order of the same court dated April 28, 2004, which denied her motion, in effect, for leave to renew the prior cross motion.

Ordered that the order dated February 4, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 28, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly sustained injuries when the defendant's bus in which she was a passenger stopped suddenly, causing her to fall. After joinder of issue and the commencement of discovery, the plaintiff moved for summary judgment on the issue of liability alleging that the defendant's bus operator was negligent in making an unusual and violent stop (*see Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]).

The plaintiff established a prima facie case that she was entitled to summary judgment. In opposition, the defendant raised issues of fact as to whether the allegedly sudden stop of the bus was justified by an emergency not of the bus operator's making (*see Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924 [1996]; *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]) and whether "the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth., supra* at 830).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., S. Miller, Crane and Spolzino, JJ., concur.