[958 NE2d 72, 934 NYS2d 38]

Alexander Lifson, as Executor of Irene Lifson, Deceased, Appellant, v City of Syracuse, Defendant, and Derek Klink, Respondent.

Argued September 8, 2011; decided October 13, 2011

## POINTS OF COUNSEL

*Longstreet & Berry, LLP,* Syracuse (*Michael J. Longstreet* of counsel), for appellant. I. The trial court erred in charging the discredited sun glare excuse under the guise of an emergency. (*Caristo v Sanzone,* 96 NY2d 172; *Rivera v New York City Tr. Auth.,* 77 NY2d 322; *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923; *Ferrer v Harris,* 55 NY2d 285; *Martin v Herzog,* 228 NY 164; *Jacobellis v New York State Thruway Auth.,* 51 AD3d 976; *Romero v Metropolitan Suburban Bus Auth.,* 25 AD3d 683; *Barton v Youmans,* 13 AD3d 1151; *Wenz v Shafer,* 293 AD2d 742; *Roviello v Schoolman Transp. Sys., Inc.,* 10 AD3d 356.) II. The refusal to grant the emergency charge in favor of Irene Lifson was erroneous. (*Raimondo v Harding,* 41 AD2d 62; *Scott v State of New York,* 27 AD2d 961; *Wolfson v Darnell,* 15 AD2d 516, 12 NY2d 819; *Gajjar v Shah,* 31 AD3d 377; *Madden v Mullet,* 211 AD2d 623; *Flanel v Maglione Italian Ices,* 266 AD2d 505; *Batal v Associated Univs.,* 293 AD2d 558.) III. The court erroneously defined the location of the crosswalk. (*Fan v Buzzitta,* 42 AD2d 40; *Vanbenschoten v Pitarys,* 284 AD2d 912; *People v County of Westchester,* 282 NY 224; *Farnsworth v Village of Potsdam,* 228 AD2d 79; *Petrowski v*

*Abraham,* 265 AD2d 901; *Donnelly v Village of Perry,* 88 AD2d 764; *Lloyd v Village of Walton,* 57 App Div 288; *Finnegan v Mayer,* 200 App Div 855.) IV. Derek Klink was negligent as a matter of law. (*Perez v Paljevic,* 31 AD3d 520; *Safran v Amato,* 155 AD2d 653; *Larmer v Boyd,* 202 AD2d 982; *Johnson v Ahmed,* 63 AD3d 1108; *Finkel v Benoit,* 211 AD2d 749; *Larsen v Spano,* 35 AD3d 820; *Weigand v United Traction Co.,* 221 NY 39; *Bolta v Lohan,* 242 AD2d 356; *Doxtader v Janczuk,* 294 AD2d 859; *Perez v Brux Cab Corp.,* 251 AD2d 157.) V. Expert testimony placing Irene Lifson outside the crosswalk was speculative. (*Inglut v Consolidated Rail Corp.,* 185 AD2d 614; *Northrop v Smith,* 37 AD2d 1014; *Saba v Montgomery,* 125 AD2d 902; *Thomas v New York City Tr. Auth.,* 194 AD2d 663; *Hodge v Losquadro Fuel Corp.,* 29 AD3d 861; *Pascuzzi v CCI Cos.,* 292 AD2d 685; *People v Jones,* 73 NY2d 427; *Cillo v Resjefal Corp.,* 16 AD3d 339; *Gomez v New York City Hous. Auth.,* 217 AD2d 110; *Neidert v Austin S. Edgar, Inc.,* 204 AD2d 1030.)

*Costello, Cooney & Fearon, PLLC,* Syracuse (*Donald S. DiBenedetto* and *Jennifer L. Nuhfer* of counsel), for respondent. I. The Appellate Division, Fourth Department, correctly held that the emergency instruction was properly charged to the jury. (*Caristo v Sanzone,* 96 NY2d 172; *Rivera v New York City Tr. Auth.,* 77 NY2d 322; *Palmer v Rouse,* 232 AD2d 909; *Ferrer v Harris,* 55 NY2d 285; *Durham v Melly,* 14 AD2d 389; *Insurance Co. of State of Pa. v Just Mgt. Corp.,* 55 AD3d 676; *Artessa v City of Utica,* 23 AD3d 1148; *Amaro v City of New York,* 40 NY2d 30; *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923; *Benitez v Olson,* 6 AD3d 560.) II. The Appellate Division, Fourth Department, properly held that Supreme Court's refusal to give the emergency instruction in favor of plaintiff was not reversible error. (*Quain v Buzzetta Constr. Corp.,* 69 NY2d 376; *Sweeney v Linde,* 59 AD3d 948.) III. The Appellate Division, Fourth Department, correctly held that Supreme Court properly instructed the jury on the unmarked crosswalk. (*Quain v Buzzetta Constr. Corp.,* 69 NY2d 376; *Fan v Buzzitta,* 42 AD2d 40; *Vanbenschoten v Pitarys,* 284 AD2d 912; *Hodge v Losquadro Fuel Corp.,* 29 AD3d 861; *Cillo v Resjefal Corp.,* 16 AD3d 339; *Interstate Cigar Co. v Dynaire Corp.,* 176 AD2d 699; *Mahon v Giordano,* 30 AD2d 792.) IV. Derek Klink was not negligent as a matter of law. (*Quain v Buzzetta Constr. Corp.,* 69 NY2d 376; *Olson v Dougherty,* 128 AD2d 920; *Fannon v Metropolitan Transp. Auth.,* 133 AD2d 211; *Shachnow v Myers,* 229 AD2d 432; *Nazario v Stalica,* 272 AD2d 903; *McLean v Dessert,* 267 AD2d 962; *Gianniosis v LID Mgt. & Finishing*

*Serv. Co.*, 194 AD2d 413; *Mancuso v Compucolor, Inc.*, 172 AD2d 153; *Johnson v Ahmed*, 63 AD3d 1108; *Finkel v Benoit*, 211 AD2d 749.) V. Plaintiff concedes that this Court has no power to review the Appellate Division, Fourth Department's holding rejecting plaintiff's contention that the verdict was against the weight of the evidence.

## OPINION OF THE COURT

Chief Judge LIPPMAN.

Defendant Klink was the driver of an automobile that struck plaintiff's decedent, Irene Lifson, while she was crossing the street, causing her death. Pursuant to Klink's claim that the accident occurred while he was temporarily blinded by sun glare, the trial court instructed the jury on the emergency doctrine in his favor. We find that, under these circumstances, it was error to give the jury the emergency instruction.

Both Lifson and Klink worked in the MONY Plaza, a large office complex in Syracuse containing two 20-story high-rise office towers. MONY Plaza is located across the street from the Harrison Street Garage, where many of the employees park their cars during the work day. There is, as a result, a substantial amount of pedestrian traffic crossing Harrison Street between the towers and the garage, particularly during rush hours. Pedestrians would commonly cross Harrison Street where the MONY Towers' exit lines up with the entrance to the garage, despite the absence of a marked crosswalk at that location.

On February 29, 2000, the day of the accident, Klink retrieved his car after work. At approximately 4:05 P.M., he was attempting to make a left-hand turn onto Harrison Street from Harrison Place. Harrison Street is a three-lane, one-way road, with traffic running from east to west. Klink had been proceeding north on Harrison Place, which forms a "T" intersection with Harrison Street and was waiting to turn to the west. Although Klink worked at the MONY Towers, he testified that he was not familiar with driving this particular route because he parked in different locations throughout the city, rather than in the same place every day.

Klink testified that he stopped at the stop sign to make the left turn onto Harrison Street, but that his view of oncoming traffic was partially obstructed by parked cars in the left-hand lane of Harrison Street and he had to "creep up" in order to see the approaching vehicles. He had noticed that there were pedestrians crossing Harrison Street to his left, but he also

asserted that he had looked in that direction and "cleared the road" before making the turn. He further testified that he had been looking to his right, toward the oncoming traffic when he started turning. He maintained that, when he looked back to his left, mid-turn, he was blinded by the sun, "all of a sudden." His reaction was to look down and to his right and, when he looked up, the first object he saw was Ms. Lifson. Although he applied the brakes, he was unable to avoid hitting her, having seen her only a fraction of a second prior to impact. At the time of the accident, Ms. Lifson had been wearing a red coat. There was no evidence that Ms. Lifson darted out in front of Klink's car, or that Klink was traveling at an excessive rate of speed.

Plaintiff commenced this action against Klink and the City of Syracuse[1] alleging causes of action in negligence and failure to study/plan for pedestrian traffic.[2] The ensuing trial was limited to the issue of liability. As noted, pursuant to Klink's request and over plaintiff's objection, the trial court gave the jury an emergency doctrine instruction in Klink's favor. The instruction generally conveyed to the jury that it had to determine whether Klink was in fact confronted with an emergency situation not of his own making and, if so, whether his conduct in response to that situation was that of a reasonably prudent person. The jury was free to reject both of those propositions, but if it determined that he had faced an emergency situation and acted reasonably, it was to find for Klink.

The jury returned a verdict attributing negligence to the City of Syracuse and Ms. Lifson and apportioning fault at 15% and 85%, respectively. Klink was found not negligent and the action was dismissed as against him.

The Appellate Division affirmed, finding that the emergency instruction was properly given, as there was a reasonable view of the evidence showing that the sun glare was a sudden and unforeseen occurrence (72 AD3d 1523 [2010]). One Justice dissented and would have found that Klink was not entitled to an emergency instruction because the sun glare should have been anticipated and was not unexpected in light of the circumstances surrounding the accident, including the sunny weather and the time of day. We granted plaintiff leave to appeal and now reverse.

---

1. The action is not final as to the City of Syracuse and the City is not a party to this appeal.

2. The action was discontinued as against a third defendant (CGU Insurance) by stipulation dated October 14, 2002.

The common-law emergency doctrine

> "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001] [internal quotation marks and citation omitted]).

The doctrine recognizes that a person confronted with such an emergency situation "cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though it later appears that the actor made the wrong decision" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991] [citations omitted]). We have, however, acknowledged that the

> "rationale for this doctrine . . . has been somewhat eroded by the evolution from contributory negligence to comparative negligence. With the advent of the ability of juries to allocate fault and apportion damages, the viability of the doctrine has been questioned by some jurisdictions, with a few states going so far as to abolish it" (*Caristo*, 96 NY2d at 174).

The trial judge must make the threshold determination whether a reasonable view of the evidence supports the existence of a qualifying emergency (*see Caristo*, 96 NY2d at 175). When reviewing the determination that an emergency instruction was warranted, we evaluate the evidence in the light most favorable to the party requesting the charge (*see Caristo*, 96 NY2d at 175).

In *Caristo*, the trial court gave an emergency instruction in favor of the defendant, who had been driving in icy conditions when his car slid down a hill, past a stop sign and hit the plaintiff's vehicle. We reversed and ordered a new trial, finding no view of the evidence to support the conclusion that defendant faced a qualifying emergency. Specifically, since defendant had been aware of the poor and deteriorating weather conditions that had existed for at least two hours, the resulting icy

conditions on the road could not be considered "sudden and unexpected" (*see Caristo*, 96 NY2d at 175).

By contrast, in *Ferrer v Harris* (55 NY2d 285 [1982]) we found that the defendant driver, whose vehicle struck a child who ran out into the street, was entitled to an emergency doctrine charge. The defendant had testified that he was driving well below the posted speed limit and that he stopped abruptly when he saw the child step off the sidewalk and run into the street between the parked cars. We determined that "it [was] more than conceivable that a jury could conclude that this defendant was faced with an emergency" (*Ferrer*, 55 NY2d at 292).

The situation presented in this case bears closer resemblance to that in *Caristo*. While Klink did not drive this particular route often, he was familiar with the general area since he worked in the MONY Towers. Klink was about to turn to the west at a time of day that the sun would be setting. It is well known, and therefore cannot be considered a sudden and unexpected circumstance, that the sun can interfere with one's vision as it nears the horizon at sunset, particularly when one is heading west. This is not to say that sun glare can never generate an emergency situation but, under the circumstances presented, there is no reasonable view of the evidence under which sun glare constitutes a qualifying emergency.

Moreover, the error in giving the emergency instruction was not harmless. The improper charge permitted the jury to consider Klink's action under an extremely favorable standard. Because the application of that instruction to the facts presented could have affected the outcome of the trial, it was not harmless error (*see e.g. Garricks v City of New York*, 1 NY3d 22, 27 [2003]).

Plaintiff's remaining contentions are without merit.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the amended complaint reinstated as against defendant Derek Klink, and the case remitted to Supreme Court for further proceedings consistent with this opinion.

SMITH, J. (dissenting). Plaintiff's argument here rests on the seemingly obvious proposition that no one should be surprised to find the sun setting in the west. I admit that sunset is a foreseeable event. Yet surely everyone who has driven a car knows that good drivers are sometimes surprised to find the sun in their eyes. Drivers cannot be expected to have always at the

forefront of their minds the time of day, the season of the year, the direction they are traveling, the weather conditions and the presence or absence of obstruction in a particular spot. Therefore, sun glare, as the majority appears to acknowledge, can sometimes present an emergency situation (majority op at 498).

In deciding whether an emergency instruction was properly given, the issue is not whether the emergency was foreseeable; it is whether it was sudden and unexpected. Our cases illustrate the distinction. In *Ferrer v Harris* (55 NY2d 285 [1982]), the defendant driver was passing a park where he knew that children played, and it was obviously foreseeable that a child would step in front of his car; but the event was sudden and unexpected when it happened, and the driver was therefore entitled to an emergency instruction. In *Amaro v City of New York* (40 NY2d 30 [1976]), plaintiff was a firefighter who was injured in a firehouse while responding to a fire alarm; we held that the alarm, foreseeable as it was for that plaintiff in that location, was sudden and unexpected and that the plaintiff was properly accorded the benefit of an emergency charge. In *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.* (88 NY2d 923, 924 [1996]), the defendant's employee, a bus driver, was familiar with the intersection where the accident occurred and knew "that cars frequently turned right from the left lane in front of buses in this area." We nevertheless held that it was error to deny an emergency charge, because the driver's general awareness that such turns often happen "would not preclude a jury from deciding that, as to the events in issue in this case, the driver did not anticipate being suddenly cut off by this particular car" (*id.*).

*Caristo v Sanzone* (96 NY2d 172 [2001]) appears to be the only case in which we have held an emergency instruction was improperly given. There, the defendant was driving in bad weather—a mixture of snow, frozen rain and hail. The claimed emergency was that he encountered a sheet of ice. We held, five to two, that in view of the driver's knowledge of the weather conditions "the presence of ice on the hill cannot be deemed a sudden and unexpected emergency" (*id.* at 175). *Caristo* thus holds that no one driving through such conditions, while exercising reasonable care, could be surprised to find that the road was icy.

A similar holding is not justified here. The record, read most favorably to Klink, shows that he was driving on a city street, where buildings sometimes do and sometimes do not block the

sun, and that he was unfamiliar with the route. A jury could surely find that he did not calculate the direction of his travel, the time of day and the time of year so precisely that he expected to find the sun in his eyes when he turned. The emergency instruction was properly given.

Judges CIPARICK, GRAFFEO, PIGOTT and JONES concur with Chief Judge LIPPMAN; Judge SMITH dissents in a separate opinion in which Judge READ concurs.

Order, insofar as appealed from, reversed, etc.