■ MELISSA JOHNSON, Appellant, v ZACHARY J. INGALLS et al., Respondents. [944 NYS2d 654]—

Garry, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered November 22, 2010 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this action seeking to recover for injuries she sustained in November 2006 when she jumped or fell from a vehicle being driven by defendant Zachary J. Ingalls (hereinafter defendant) on the campus of the State University of New York at Albany. A jury rendered a trial verdict in favor of defendants. Plaintiff appeals.

Initially, plaintiff contends that the jury verdict was against the weight of the evidence. To set aside this verdict, "the evidence must so preponderate in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (*Ernst v Khuri*, 88 AD3d 1137, 1138 [2011] [internal quotation marks, brackets and citation omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). The trial testimony established that on the evening of the incident, a large group of students were drinking in a bar in the City of Albany, including plaintiff and several passengers who later rode in defendant's vehicle. There was a disagreement, and one

of the passengers threw a drink in plaintiff's face. The passengers later summoned defendant—who was at home and had not been drinking—to pick them up and transport them back to campus. Plaintiff left the bar separately. Just before the accident, several bystanders saw her walking along a campus roadway, apparently intoxicated, and talking loudly on her cell phone. Defendant drove along the same roadway and either stopped or slowed down to somewhere between two and five miles per hour. Plaintiff went to the vehicle, stepped or jumped onto its running board, leaned into an open window and, according to the passengers, began to swing her arms at the passenger who had thrown the drink, apparently attempting to strike her. Defendant accelerated; plaintiff fell or jumped off the vehicle, suffering a fractured skull. The description of events offered by defendant and the passengers differed from that of plaintiff and the bystanders in several respects, such as whether the passengers did anything to provoke plaintiff's approach to the vehicle, whether the car stopped before plaintiff approached it and how rapidly it accelerated. Upon review, this Court accords "great deference" to the jury's interpretation of conflicting evidence (*Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1030 [2006] [internal quotation marks omitted]; *see Perry v Wine & Roses, Inc.*, 40 AD3d 1299, 1299-1300 [2007]). Granting defendants, as we must, "the benefit of every favorable inference reasonably drawn from the facts adduced at trial" (*Macri v Smith*, 23 AD3d 971, 972 [2005] [internal quotation marks and citations omitted]), it cannot be said that the jury's determination is unsupported by any fair interpretation of the evidence.

Plaintiff next contends that Supreme Court erred in excluding evidence of defendant's actions after the accident on the ground of relevance. "[E]vidence is relevant if it tends to prove the existence or nonexistence of a material fact, i.e., a fact directly at issue in the case" (*People v Primo*, 96 NY2d 351, 355 [2001]), and the determination is within the trial court's discretion (*see Radosh v Shipstad*, 20 NY2d 504, 508 [1967]; Prince, Richardson on Evidence § 4-101 [Farrell 11th ed]). Here, the court allowed testimony from several witnesses—including defendant himself—that he drove away without stopping to check on plaintiff, but precluded evidence of his subsequent activities. Thus, the jury was not prevented from considering any tacit admission of guilt that might be inferred from his departure. The evidence of his activities thereafter had no bearing on the issue of whether he was operating the vehicle negligently at the time of the accident, and we find no error in Supreme Court's ruling.

We further reject plaintiff's contention that certain photographs obtained from her Facebook account were unduly prejudicial and improperly admitted into evidence. After an in camera review, Supreme Court excluded the majority of the photographs that defendants proffered as unduly prejudicial, cumulative or insufficiently probative, but permitted use of approximately 20 photos during plaintiff's cross-examination. Plaintiff claimed that, as a result of her injury, she suffered severe anxiety, vertigo, constant migraines and pain for a period of about two years, that her anxiety prevented her from going out or socializing with friends, and that she required antidepressant medication. The photos admitted were taken over a $1\frac{1}{2}$-year period beginning shortly after the accident. They depicted plaintiff attending parties, socializing and vacationing with friends, dancing, drinking beer in an inverted position referred to in testimony as a "keg stand," and otherwise appearing to be active, socially engaged and happy.* They further revealed that plaintiff consumed alcohol during this period, contrary to medical advice and her reports to her physicians. The discretion of trial courts in rendering evidentiary rulings is broad (see Richmor Aviation, Inc. v Sportsflight Air, Inc., 82 AD3d 1423, 1426 [2011]; Saulpaugh v Krafte, 5 AD3d 934, 934-935 [2004], lv denied 3 NY3d 610 [2004]). The photographs had probative value with regard to plaintiff's claimed injuries, their evidentiary value was properly balanced against their potential for prejudice, and we find no abuse of discretion (see Prince, Richardson on Evidence §§ 4-103, 4-206 [Farrell 11th ed]).

Plaintiff's claim that Supreme Court improperly denied her jury charge requests was unpreserved. Counsel twice advised that plaintiff had no objections to the court's instructions, although some that plaintiff had requested were not included (see CPLR 4110-b, 5501 [a] [3]; Klotz v Warick, 53 AD3d 976, 978-979 [2008], lv denied 11 NY3d 712 [2008]). Plaintiff did object to the instruction on the emergency doctrine (see CPLR 4017), but we find no error. The trial court makes the threshold determination whether to instruct the jury on this doctrine and, upon review, the evidence is considered in the light most favorable to the party making the request (see Lifson v City of Syracuse, 17 NY3d 492, 497 [2011]; Ryder v County of Fulton, 303 AD2d 847, 848 [2003]). Here, defendant testified that he did not know plaintiff and was unaware that an altercation had taken place earlier in the evening. He stated that he heard no one heckling or taunting anyone before the incident, and that he

---

* Two pictures of plaintiff taken before the incident were also admitted, to which plaintiff raises no objection on appeal.

first saw plaintiff as she ran toward the vehicle. "Instantaneously" thereafter, he described "most of her body" coming through the front passenger-side window, and she began flailing her arms, trying to "punch or slap" one of the backseat passengers. He described "a lot of chaos, a lot of screaming" inside the vehicle, that he was "in shock" and did not understand what was happening, that he wanted to "get away" and thus accelerated the vehicle slightly, and that the entire incident was over in four or five seconds. The passengers confirmed that defendant did not know about the earlier altercation and had no reason to anticipate plaintiff's actions. Based upon this testimony, there was a reasonable view of the evidence supporting an emergency charge, and the question of whether defendant's conduct was reasonable under the circumstances was for the jury (see Caristo v Sanzone, 96 NY2d 172, 174-175 [2001]).

Mercure, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.