# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1039

CA 13-00609

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THEODORE F. BARNES, JR., PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

LISA A. DELLAPENTA, D.W. DELLAPENTA, JR., AND
ANNE THOMPSON, AS VOLUNTARY ADMINISTRATOR OF THE
ESTATE OF J. ANDREW THOMPSON, DECEASED,
DEFENDANTS-RESPONDENTS.

---

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NANCY A. LONG OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS LISA A. DELLAPENTA AND D.W. DELLAPENTA, JR.

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (TARA E. WATERMAN OF COUNSEL),
FOR DEFENDANT-RESPONDENT ANNE THOMPSON, AS VOLUNTARY ADMINISTRATOR OF
THE ESTATE OF J. ANDREW THOMPSON, DECEASED.

---

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 2, 2012 in a personal injury action. The judgment dismissed the complaint upon a verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained when the vehicle he was driving was rear-ended in a chain-reaction motor vehicle accident involving a vehicle driven by defendant D.W. Dellapenta, Jr. and a vehicle driven by J. Andrew Thompson (decedent), whose estate was substituted as a defendant. The accident occurred on a cold, clear and sunny winter day, when strong winds caused a sudden and temporary whiteout as snow was blown across an inclined off-ramp connecting the eastbound New York State Thruway to Interstate 290 in the Town of Amherst. Plaintiff appeals from a judgment dismissing his complaint entered upon a jury verdict of no cause of action.

Supreme Court gave the jury a sudden stopping charge (*see* PJI 2:83) as made applicable to defendants and plaintiff, and plaintiff contends that the court erred in including him in that charge. We reject that contention. While plaintiff claimed that he was forced to stop due to the actions of the vehicle ahead of him (*see generally*

*Carhuayano v J&R Hacking*, 28 AD3d 413, 414), Dellapenta testified that plaintiff did not slow down before the whiteout, he did not see any vehicles ahead of plaintiff, plaintiff's vehicle was completely stopped in the whiteout, he never saw plaintiff's brake or hazard lights, and plaintiff told Dellapenta after the accident that he stopped because he could not see.  Thus, the issue whether plaintiff "stopped suddenly, without an apparent reason to do so," was properly submitted to the jury (*Stalikas v United Materials*, 306 AD2d 810, 811, *affd* 100 NY2d 626; *see Niemiec v Jones*, 237 AD2d 267, 268).

We reject plaintiff's further contention that the court erred in instructing the jury on the emergency doctrine (*see* PJI 2:14) inasmuch as, evaluating the evidence in the light most favorable to defendants, a reasonable view of the evidence supported the conclusion that a sudden and temporary whiteout constituted a qualifying emergency (*see Lifson v City of Syracuse*, 17 NY3d 492, 497; *Sossin v Lewis*, 9 AD3d 849, 850-851, *amended on rearg* 11 AD3d 1045; *Barber v Young*, 238 AD2d 822, 823-824, *lv denied* 90 NY2d 808).  Although Dellapenta had previously experienced whiteouts at that location and decedent had experienced blowing snow at that location, such experience does not negate the applicability of the emergency doctrine "as to the events in issue in this case" (*Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924).

Plaintiff failed to preserve for our review his contention that the verdict was against the weight of the evidence because there is no indication in the record that he made a posttrial motion to set aside the verdict (*see Homan v Herzig* [appeal No. 2], 55 AD3d 1413, 1413-1414).  In any event, "the preponderance of the evidence in favor of the plaintiff[] [was not] so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748, 748; *see Stalikas*, 306 AD2d at 810-811).

Entered:  November 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court