Chwojdak v Schunk (2018 NY Slip Op 06376)





Chwojdak v Schunk


2018 NY Slip Op 06376


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


958 CA 18-00570

[*1]GARY CHWOJDAK AND KAREN CHWOJDAK, PLAINTIFFS-APPELLANTS,
v
MICHAEL D. SCHUNK, DEFENDANT-RESPONDENT. 






LAW OFFICE OF FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NELSON E. SCHULE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark Montour, J.), entered November 9, 2017. The order granted in part the motion of defendant for partial summary judgment and denied the cross motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Gary Chwojdak (plaintiff) sustained when a vehicle operated by defendant collided with a vehicle operated by plaintiff. The collision occurred while plaintiff's vehicle was legally stopped at a red light in the left-turn-only lane and the vehicle operated by defendant veered from a through-traffic lane and struck plaintiff's vehicle from behind. Contrary to plaintiffs' contention, Supreme Court properly denied that part of their cross motion seeking partial summary judgment on the issue of negligence inasmuch as defendant raised a triable issue of fact concerning the applicability of the emergency doctrine. Under the emergency doctrine, " when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context' . . . , provided the [driver] has not created the emergency" (Caristo v Sanzone, 96 NY2d 172, 174 [2001], quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]; see Lifson v City of Syracuse, 17 NY3d 492, 497 [2011]). Generally, the issues whether an emergency existed and whether the driver's response thereto was reasonable are for the trier of fact (see Patterson v Central N.Y. Regional Transp. Auth. [CNYRTA], 94 AD3d 1565, 1566 [4th Dept 2012], lv denied 19 NY3d 815 [2012]; Mitchell v City of New York, 89 AD3d 1068, 1069 [2d Dept 2011]; Schlanger v Doe, 53 AD3d 827, 828 [3d Dept 2008]).
Here, plaintiffs established a prima facie case of negligence by submitting evidence that defendant's vehicle struck plaintiff's stopped vehicle from behind (see Pitchure v Kandefer Plumbing & Heating, 273 AD2d 790, 790 [4th Dept 2000]; see also Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015]). Defendant, however, raised an issue of fact whether he was faced with a sudden and unexpected situation, i.e., a total loss of visibility because of a gust of snow or "whiteout," and whether he acted reasonably under the circumstances (see generally Barnes v Dellapenta, 111 AD3d 1287, 1288 [4th Dept 2013]). Defendant submitted his own deposition testimony, in which he testified that, although visibility was poor on the date of the collision because of heavy snow and winds, he was able to differentiate the lanes of travel and discern traffic signals and vehicles around him. Defendant further testified that he was traveling at a [*2]reduced rate of speed out of caution because of the poor conditions, and did not experience a loss of visibility until shortly before the collision. Defendant also submitted plaintiff's deposition testimony that the weather was "fine" and it was not snowing prior to the collision, and that there were "other vehicles on the road" and "normal traffic patterns." Defendant thus raised an issue of fact whether he was confronted with a "sudden and temporary whiteout constitut[ing] a qualifying emergency" (id.; see generally Barber v Young, 238 AD2d 822, 823-824 [3d Dept 1997]).
Contrary to plaintiffs' contention, we conclude that there is an issue of fact concerning the reasonableness of defendant's actions when he was faced with the purported emergency, including his failure to apply the brakes immediately upon losing visibility and veering into the left-turn-only lane (see generally Phelps v Ranger, 87 AD3d 1387, 1388 [4th Dept 2011]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court