Figgiani v Crociata (2019 NY Slip Op 05645)





Figgiani v Crociata


2019 NY Slip Op 05645


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2018-03056
 (Index No. 611695/15)

[*1]Alyssa Figgiani, appellant, 
v
Patrick Crociata, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Charles F. Harms, Jr., Garden City, NY (James R. Pieret of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered January 10, 2018. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries allegedly sustained by her when the vehicle she was operating collided with a dump truck owned by the defendant Zorn Landscaping, Inc., and operated by the defendant Patrick Crociata on Route 112 at the intersection of Commercial Boulevard in Medford. After a jury trial, a verdict was returned in favor of the defendants on the issue of liability. A judgment was entered upon the verdict in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
We agree with the Supreme Court's determination to instruct the jury on the emergency doctrine. "If, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury, which should be appropriately instructed" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Pelletier v Lahm, 24 NY3d 966, 968; Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d 923, 924).
Here, viewing the testimony in the light most favorable to the defendants, there is a "reasonable view of the evidence supporting the occurrence of a qualifying emergency'" (Caristo v Sanzone, 96 NY2d 172, 175, quoting Rivera v New York City Tr. Auth., 77 NY2d at 327; see Pelletier v Lahm, 111 AD3d 807, 808-809, affd 24 NY3d 966). Both the plaintiff and Crociata testified that the plaintiff drove her vehicle out of a gas station and onto the single-lane, southbound roadway of Route 112. The plaintiff's vehicle was behind a Saturn vehicle which was stopped at a green traffic light at the intersection with Commercial Boulevard. Crociata testified that he was driving a dump truck weighing at least 24,000 pounds south on Route 112 and, when he was approximately 75 feet behind the Saturn, the plaintiff's vehicle suddenly, rapidly, and unexpectedly "darted" out of the gas station and onto the roadway behind the Saturn. According to Crociata, he [*2]was unable to stop safely, so he pulled onto the shoulder to avoid a collision with the plaintiff's vehicle and the plaintiff's vehicle then drove into the side of his dump truck. According to the plaintiff, when the Saturn failed to proceed at the intersection, she attempted to pull her vehicle onto the shoulder, but she did not look to the right before she moved because she did not expect anyone to be driving on the shoulder. The dump truck and the plaintiff's vehicle then collided.
Under these circumstances, there is a reasonable view of the evidence that the plaintiff's act of driving her vehicle out of the gas station onto the roadway behind the Saturn and then abruptly onto the shoulder was a sudden and unexpected circumstance that confronted Crociata and was not of his own making (see Pelletier v Lahm, 24 NY3d at 968; Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d at 924; Rivera v New York City Tr. Auth., 77 NY2d at 327; Sing-Lam Ng v Beatty, 300 AD2d 648, 648-649; Barath v Marron, 255 AD2d 280, 281). It was, therefore, proper to deliver a jury charge on the emergency doctrine (see Pelletier v Lahm, 24 NY3d at 968; Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d at 924; Rivera v New York City Tr. Auth., 77 NY2d at 327; Sing-Lam Ng v Beatty, 300 AD2d at 649).
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court