| **Abreu v New York City Tr. Auth.** |
|:---:|
| 2024 NY Slip Op 33537(U) |
| October 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150346/2021 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. RICHARD A. TSAI                    PART                    21
                                    *Justice*

-------------------------------------------------------------------X

JOSE R. ALMONTE ABREU,

                        Plaintiff,

                - v -

NEW YORK CITY TRANSIT AUTHORITY, MANHATTAN
AND BRONX SURFACE TRANSIT OPERATING
AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY, MTA BUS COMPANY and JIMMY ORTIZ,

                       Defendants.

-------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 150346/2021 |
| MOTION DATE | 11/15/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16-33

were read on this motion to/for                    SUMMARY JUDGMENT (AFTER JOINDER)           .

In this action, plaintiff Jose R. Almonte Abreu alleges that on November 14, 2019 on or about 8:38 PM, he was a passenger on a bus owned and maintained by defendant New York City Transit Authority and operated by defendant Jimmy Ortiz, around the intersection of Amsterdam Avenue and West 134th Street, when the bus came "to a sudden, unexpected and violent stop" causing him injuries (exhibits A-C in support of motion [NYSCEF Doc. Nos. 26-28], complaint, answer, and bill of particulars).

On this motion, defendants move for summary judgment on the grounds that they have no liability for the accident pursuant to the emergency doctrine (affirmation in support of motion [NYSCEF Doc. No. 17] ¶¶ 9-16). Plaintiff opposes the motion.

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34

150346/2021   ALMONTE ABREU, JOSE R. vs. NEW YORK CITY TRANSIT
Motion No. 001

Page 1 of 4

NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

The emergency doctrine

"recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001] [internal citations and quotation marks omitted]).

"[W]hile it is often a jury question whether a person's reaction to an emergency was reasonable, summary resolution is possible when the individual presents sufficient evidence to support the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate issue of fact on the issue" (*Castillo v New York City Tr. Auth.*, 188 AD3d 484, 486 [1st Dept 2020] [internal quotation marks, emendation and citations omitted])

In support of this motion, defendants submit the deposition testimony of defendant Jimmy Ortiz (exhibit C in support of motion [NYSCEF Doc. No. 20], Ortiz depo). Ortiz testified that shortly before the accident, he was stopped at a bus stop on the southbound side of Amsterdam Avenue near the intersection with 135th Street (*id.* at 19, line 17 through 20, line 22; at 40, line 2 through 41, line 14; at 47 line 25 through 50, line 24). Ortiz further testified that before pulling out from the bus stop, he checked his left sideview mirror and determined that "[t]here was no car at all coming behind me when I left the bus stop, none" (*id.* at 40, line 2 through 15).

Ortiz testified that, within "[s]econds", an unidentified SUV "came right in front of me, I had on stop [sic] at the moment" and that his bus only traveled "a foot" before the other vehicle "cut in front of me" from his left side (*id.* at 52, line 7 through 56, line 8; *see also id.* at 27, line 22 through 28, line 13 [describing the unidentified SUV]). Ortiz testified that the rear portion of the unidentified SUV struck his "driver's side mirror" and that he "lightly" pressed the brakes "[t]o avoid getting into a serious accident", bringing the bus to a stop within "[a]bout three seconds or so" (*id.* at 56, line 3 through 64, line 14).

Ortiz testified that the unidentified SUV stopped "[m]aybe two feet away, give or take" from the bus in the bus's single southbound lane of travel, but that the SUV was stopped "on an angle" to the left of the bus "because he came around" (*id.* at 26, line 2 through 33 line 5). Ortiz testified that a male driver then exited the unidentified SUV and

"came right and front of my window" (*id*. at 26, line 2 through 30, line 20). Ortiz testified that he "slightly opened" his window", but did not say anything to the other driver, and that he "can't recall" whether the other driver said anything to him (*id*.). Ortiz further testified that this interaction with the other driver lasted "seconds", that no information was exchanged between himself and the other driver, that he did not see the license plate of the other car, and that he did not ask for the other driver's name and address "[b]ecause he left" (*id*.).[1]

Defendants have also provided video footage from the date and the time of accident: at 8:31 PM on November 14, 2019 (exhibit B in support of motion [NYSCEF Doc. No. 19]).

In opposition, plaintiff argues that, based upon Ortiz's testimony, it was Ortiz who cut off the other vehicle "when leaving the bus stop, forcing that vehicle to swerve around him causing the incident" (affirmation of plaintiff's counsel in opposition [NYSCEF Doc. No. 25] ¶ 119). Plaintiff further counsel asserts that the video footage "supports Plaintiff's assertion that as the bus pulled out of the stop, Mr. Ortiz did not see the other vehicle approaching causing it to have to swerve around the bus causing the incident" (*id.* ¶ 127).

Starting at the 8:31:05 PM minute mark of the video footage, the bus is stopped at the bus stop on the southbound side of Amsterdam Avenue, just south of the intersection of west 135th Street, as the plaintiff can be seen boarding the bus wearing a green hat on camera 07. At 8:31:17 PM, the video shows the bus pulling out from the bus stop and entering the single lane of southbound travel. At 8:31:22, on camera 08, an unidentified white SUV is seen passing the bus to the left over an area of the roadway shaded by diagonal "zebra" double lines, striking the bus's left sideview mirror, cutting in front of the bus and coming to an immediate stop in front of the bus at 8:31:25. The bus also comes to an immediate stop at this same time. At the same time that the bus is braking, other cameras on the bus capture plaintiff losing his balance, falling towards the front of the bus and striking his head on a yellow handrail.

The most important moment in the bus video footage, however, occurs in the background on camera 07 in the roughly five seconds between 8:31:15 and 8:31:20. During this time, through the passenger windows, on the driver's side of the bus, the headlights of a car can be seen approaching and then running parallel with the bus. Seconds after the headlights have passed out of view on Camera 07, the unidentified SUV comes into view on Camera 08 and can be seen striking the driver's side view mirror.

The court agrees with plaintiff's counsel that, when viewed in the light most favorable to the nonmovant, the video footage raises an issue of fact as to whether Ortiz

---

[1] The court notes that, although the bus video footage has no audio, between 8:31:39 and 8:32:22, the video footage appears to show the driver of the unidentified vehicle and Ortiz gesturing to each other while the driver of the unidentified SUV stands outside Ortiz's open driver side window.

**150346/2021 ALMONTE ABREU, JOSE R. vs. NEW YORK CITY TRANSIT** Page 3 of 4
**Motion No. 001**

pulled into the path of the oncoming vehicle, and therefore "fail[ed] to see that which, through the proper use of one's senses, should have been seen" before making the lane change (*Salama v Piccirillo*, 223 AD3d 692, 693 [2d Dept 2024] [internal quotation marks, emendation and citations omitted]).

The court also agrees with plaintiff that the video evidence could reasonably support the inference that the path of the unidentified vehicle into Ortiz's bus was caused by Ortiz when he changed lanes. That is, because Ortiz may have unexpectedly merged into the unidentified SUV's lane of travel, the unidentified SUV was forced to swerve suddenly to the left and then swerved back to the right to avoid oncoming traffic, into the path of Ortiz's bus. Consequently, a triable issue of fact arises as to whether the "emergency" that Ortiz asserts he was faced with was of "his own making" (*Blake v New York City Tr. Auth.*, 217 AD3d 914, 915 [2d Dept 2023]).

Therefore, defendants' motion for summary judgment is denied.

## CONCLUSION

Accordingly, upon the foregoing documents, it is hereby **ORDERED** that the motion for summary judgment by defendants is **DENIED**.

This constitutes the decision and order of the court.

20241004163824RTSAI8F2903E3C3DD4AFBBBA2CE31A64D0868

| 10/4/2024 | | RICHARD TSAI, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☒ DENIED  ☐ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**150346/2021  ALMONTE ABREU, JOSE R. vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

Page 4 of 4

[* 4]